[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13102
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00156-WBH-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES J. GUINN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 12, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

James J. Guinn appeals his convictions for failing to file tax returns for the

years 2003 through 2006, in violation of 26 U.S.C. § 7203. He presents one ground for the reversal of his convictions and a new trial: whether he was deprived of a fair trial because the prosecutor made improper and prejudicial comments during his opening statement and closing argument that appealed to the jurors' pecuniary interests.

We review allegations of prosecutorial misconduct *de novo* because it is a mixed question of law and fact. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). We view a prosecutor's comments in opening statement and closing argument in the context of the trial as a whole. *See United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997).

A defendant demonstrates prosecutorial misconduct by showing that (1) the prosecutor's comments were improper, and (2) the comments prejudicially affected substantial rights. *Eckhardt*, 466 F.3d at 947. A prosecutor may not, in his opening statement or closing argument, invoke the individual pecuniary interests of the jury as taxpayers. *United States v. Smyth*, 556 F.2d 1179, 1185 (5th Cir. 1977). In determining whether a prosecutor's conduct prejudicially affected the defendant's substantial rights by changing the trial's outcome, we consider: (1) whether the challenged comments had a tendency to mislead the jury or prejudice the defendant, (2) whether the comments were isolated or extensive,

2

(3) whether the comments were deliberately or accidentally placed before the jury, and (4) the strength of the proof establishing the guilt of the defendant. *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).

Here, the prosecutor made improper comments before the jury in his opening statement and closing argument, comments that appealed to the jurors' pecuniary interests as taxpayers. However, Guinn has not shown that the result of his trial would have been different but for these improper` comments. The proof of Guinn's guilt was overwhelming and the improper comments were isolated to a small portion of what the prosecutor had to say.

AFFIRMED.